

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 15, 1966

Honorable Robert S. Calvert          Opinion No.  C-761
Comptroller of Public Accounts
Austin, Texas                        Re:  Payment of registration
                                          fees on facts submitted

Dear Mr. Calvert:

      Your request for an opinion on the above subject
matter requests whether a registration fee appearing on the
face of a travel expense voucher may be paid, under the follow-
ing facts outlined in a letter to you, in response to your
inquiry requesting additional information concerning this item
of expense.  We quote from the letter to you as follows:

      "I attended this meeting at the direction
of the Board.  The Board specifically wanted me
to go down to this meeting to discuss and be on
hand to answer questions concerning the recent
amendment to the Texas Engineering Practice Act.
While all the members of this Board are members
of the Texas Society of Professional Engineers, I
went to this meeting as an official representative
of this Board and represented the Board at all the
meetings.  The thirteen dollars and fifty cents
($13.50) registration fee is a fee that was charged
to all in attendance.  In other words, it might be
considered as an admission fee to the meetings of
the organization and in our opinion, is justifiable
as a charge against the Travel Appropriation
allocated by the Legislature to this Board."

      In Attorney General's Opinion C-671 (1966), it was
held that appraisers employed by the Veterans' Land Board may
attend an appraisal school at Texas A&M University and have
their registration fees paid by the State.  In that opinion,
it was stated Section 18 of Article V of the General Appro-
priation Act of the 59th Legislature, pertaining to expendi-
ture of money for dues or registration in joining or attending
any type of organization, has no application so long as the
State employee does not join the organization.  Likewise, it
was held in Attorney General's Opinion C-692 (1966), regis-
tration fees necessary to attend courses of instruction deemed
necessary to the furtherance of governmental duties, imposed

upon a State agency, may be paid by such State agency. It was stated in C-692, supra:

". . . you are advised that the registration fees to attend the conference sponsored by the Urban Transportation Committee of the Greater Chamber of Commerce of Pittsburg, and the registration fee to attend the Uniform Commercial Code Institute may be paid."

In your request for an opinion, you state that the purpose of the trip was not questioned, but only the payment of the registration fee. Under the facts submitted, the registration fee was charged to all in attendance at the meeting, and was not a charge for joining the organization.

Registration fees necessary to attend the Texas Society of Professional Engineers, for the purpose of discussing questions concerning the recent amendment to the Texas Engineering Act, constitutes, in our opinion, a necessary expense of the member of the Texas State Board of Registration for Professional Engineers, who was assigned by the Board to attend such meeting in the furtherance of the governmental duties imposed on the Board, may be paid.

You are, therefore, advised that under the facts submitted, the registration fees were necessary to carry out the governmental duties and functions of the State agency, and as such, may be paid by the State agency. Therefore, it is our opinion that the item of expense stated in your request is due and payable.

## S U M M A R Y

Registration fees necessary to attend the Texas Society of Professional Engineers, for the purpose of discussing questions concerning the recent amendment to the Texas Engineering Practice Act, constitutes a necessary expense of the member of the Texas State Board of Registration for Professional Engineers, who was assigned by the Board to attend such meeting in the furtherance of the governmental duties imposed on the Board, may be paid.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

Honorable Robert S. Calvert, page 3 (C-761)

By: *John Reeves*
John Reeves
Assistant Attorney General

JR:mh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
Wade Anderson
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright